**Antonio FRANCISCO–NATIVIDAD, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 02–72427.
Agency No. A77–290–728.

United States Court of Appeals, Ninth Circuit.

---

Submitted Dec. 5, 2003.*

Decided Dec. 23, 2003.

Curtis Pierce, Law Office of Curtis F. Pierce, Los Angeles, CA, for Petitioner.

Regional Counsel, Western Region, Immigration & Naturalization Service, Laguna Niguel, CA, Los Angeles District Counsel, Office of the District Counsel, Los Angeles, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, San Francisco, CA, Richard M. Evans, Patricia L. Buchanan, DOJ–U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before PREGERSON, COWEN,** and W. FLETCHER, Circuit Judges.

## MEMORANDUM***

Antonio Francisco–Natividad petitions for review of a Board of Immigration Appeals (BIA) order that affirmed, without opinion, the decision of the Immigration Judge (IJ) to grant the Government's motion to pretermit his application for cancellation of removal. We dismiss for lack of jurisdiction.

Francisco–Natividad is a native and citizen of Mexico. In January of 2000 he was placed in removal proceedings. After having been granted three continuances by the IJ, Francisco–Natividad moved for an additional continuance so that he could attempt to vacate a criminal conviction and thereby become eligible for cancellation of removal under 8 U.S.C. § 1229b(b)(1).

Francisco–Natividad claims that the IJ's denial of a further continuance violated his due process rights.

The decision to grant a motion to continue is vested within "the sound discretion of the trial judge" or IJ. *Barapind v. Reno*, 225 F.3d 1100, 1113 (9th Cir.2000). Francisco–Natividad is subject to the permanent jurisdictional rules of the Illegal Immigration Reform and Immigrant Responsibility Act (IIRIRA), under which courts do not have jurisdiction to review discretionary decisions of the Attorney General, 8 U.S.C. § 1252(a)(2)(B)(ii), unless a petitioner has sufficiently alleged "at least a colorable constitutional violation." *Torres–Aguilar v. INS*, 246 F.3d 1267, 1271 (9th Cir.2001).

Francisco–Natividad has not alleged a colorable claim of a due process violation. "He does not contend that he was prevented from presenting his case before the immigration judge or the BIA, denied a full and fair hearing before an impartial adjudicator or otherwise denied a basic due process right." *Id.* Francisco–Natividad's assertion that the IJ should have granted him a continuance "is nothing more than an argument that the Board abused its discretion, a matter over which we have no jurisdiction." *Id.*

DISMISSED.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** The Honorable Robert E. Cowen, Senior United States Circuit Judge for the Third Circuit, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.